UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN W. MILNER,

                    Plaintiff,

              -against-

THE STATE OF NEW YORK; GOVERNOR
ANDREW CUOMO; ATTORNEY GENERAL
LETITIA JAMES; DETECTIVE JOHN
FLOOD; 2 UNNAMED DETECTIVES;
SOMERS POLICE CHIEF MICHAEL
DRISCOLL, all in their individual capacities,

                    Defendants.

19-CV-11854 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff John Milner, a New Jersey resident, brings this action *pro se*. Plaintiff alleges that Defendants' failure to investigate his cousin for embezzling money from others violates Plaintiff's federal constitutional rights. On January 9, 2019, Plaintiff paid the filing fees for this action.

Plaintiff previously brought these same claims against the same defendants, including Defendants State of New York, New York State Governor Andrew Cuomo, New York State Attorney General Letitia James, Westchester County Detective John Flood, two unidentified detectives, and Somers Police Chief Michael Driscoll. *See Milner v. State of New York*, ECF 7:19-CV-2889 (NSR) (S.D.N.Y. Apr. 15, 2019) (dismissing Plaintiff's claims under 42 U.S.C. § 1983 as frivolous), *appeal dismissed*, No. 19-1342 (2d Cir. May 16, 2019). For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh*

*Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter

jurisdiction, Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583

(1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*,

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a

finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437

(2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly

baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal

quotation marks and citation omitted).

## BACKGROUND

Plaintiff alleges that his claims arose in Granite Springs, in Westchester County, New

York, in May or June 1997. (ECF No. 2, at 6.) Plaintiff states:

> On many occasions, I notified law enforcement authorities in New York about
> embezzlement activity of my cousin, Ann Westerman. At every level of authority,
> . . . my requests for an investigation were ignored.

> I would like this crime to be investigated. Back in 1997, I was told by my mother
> than Ann came into millions of dollars. I waited for my mother to pass away
> before pursuing this with law. I know that the money was received based on
> extravagant spending, vacations, anniversary parties, and Ann and her family's
> relocation to Hollywood Place, at the very top of Westchester County.

I know from my accounting training that if money is accidentally received in a checking account, and it is not returned, it is considered theft by the Internal Revenue Service.

(ECF No. 2, at 6-7.)

Plaintiff asks that "restitution . . . be made to the rightful owner of this money" and seeks "to be awarded $500,000. (*Id.* at 7.)[1]

## DISCUSSION

An individual generally does not have an interest protected by the Due Process Clause in having "someone else arrested for a crime." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005); *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Svcs.*, 489 U.S. 189, 195-96 (1989) (holding that "the Due Process Clauses generally confer no affirmative right to governmental aid").

Moreover, Plaintiff cannot initiate the arrest or prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). A prosecutor's discretionary authority to bring criminal actions is "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff's allegations, seeking to have his cousin prosecuted for embezzlement or to assert claims against law enforcement authorities for failing to investigate or prosecute his cousin, thus fail to state a claim on which relief can be granted.

---

[1] Plaintniff also submitted a letter to the Court dated January 10, 2019, regarding the September 11, 2001 terrorist attacks.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). The Court declines to grant Plaintiff leave to amend because it would be futile to do so.

Plaintiff was on notice before he filed this action that his claims were not cognizable because the Court previously dismissed the same claims as frivolous. *See Milner v. State of New York*, ECF 7:19-CV-2889 (NSR) (S.D.N.Y. Apr. 15, 2019) (dismissing Plaintiff's claims under 42 U.S.C. § 1983 as frivolous). Accordingly, the Court warns Plaintiff that further vexatious or frivolous litigation in this Court will result in an order barring him under 28 U.S.C. § 1651 from filing new actions unless he receives prior permission.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:    January 27, 2020
              New York, New York

COLLEEN McMAHON
Chief United States District Judge